IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–02419–RM–KMT

XO DEVELOPMENT, LLC, a Colorado corporation,
ATHEROCOR, Inc., a Colorado corporation,

      Plaintiffs,

v.

DR. JEFFERY RAINES, and
MATT KAHN, and

      Defendants.

___

**AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court *sua sponte* on the status of legal representation of the plaintiffs, their ability to participate in case activities, and their failure to respond to this court's Order to Show Cause and to prosecute its case.

      On January 9, 2015, this court granted Plaintiffs' counsel's "Motion to Withdraw" (Doc. No. 42, filed December 15, 2014). (Doc. No. 55.) Under D.C.Colo.LAttyR 5, a corporation, such as the plaintiffs, may not appear in this court acting *pro se*. *See also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.") In its Minute Order granting the motion to withdraw, the court ordered Plaintiffs to obtain counsel and file an entry of appearance for counsel on or before January 30, 2015. (*Id.*) The court also advised Plaintiffs if they did not obtain substitute

counsel, pleadings and papers may be stricken, and sanctions may be imposed against Plaintiffs in accordance with D.C.Colo.LAttyR 5(b).  (*Id.*)  Plaintiffs failed to obtain counsel.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  However, dismissal is a more severe sanction, and generally requires the district court to consider certain criteria.  *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009).  In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice.  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.' " *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

On February 2, 2015, this court ordered Plaintiffs to show cause in writing by February 17, 2015, by and through legal counsel, whose appearance for Plaintiffs has been entered properly in this case, why this case should not be dismissed with prejudice as permitted by

D.C.COLO.LCivR 41.1 and *Ehrenhaus*. Plaintiffs failed to respond to this court's Order to Show Cause, failed to obtain counsel, and failed to prosecute this case.

With regard to the first *Ehrenhaus* factor, Plaintifs' failure to obtain counsel and failure to comply with court orders has adversely impacted Defendants. Defendants have expended considerable time and resources filing motions and other documents to advance this litigation. Plaintiffs' apparent abandonment of this action has also impeded Defendants from fully and promptly resolving the claims asserted against them in this lawsuit. On the whole, the court finds that Defendants have been significantly prejudiced by Plaintiffs' failure to prosecute this action with due diligence.

With regard to the second *Ehrenhaus* factor, Plaintiffs' failures in this regard have required the court to review several filings documenting its delinquency and issue an Order to Show Cause. In this way, Plaintiffs have increased the workload of the court and interfered with the administration of justice. Plaintiffs' noncompliance with the judicial process by failing to comply with the court's orders flouts the court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In evaluating the third *Ehrenhaus* factor, the court expressly ordered Plaintiffs to comply with their obligations under the Federal Rules of Civil Procedure and this Court's local rules and to respond to the Order to Show Cause. Plaintiffs' failure to respond to each of the court's orders leads the court to believe Plaintiffs are culpable under these circumstances.

With respect to the fourth *Ehrenhaus* factor, Plaintiffs have received ample warning from the court regarding the potential for dismissal as a consequence for its dilatory prosecution of this case and their failure to obtain counsel. Thus, the fourth factor is satisfied.

In consideration of the fifth *Ehrenhaus* factor regarding efficacy of lesser sanctions, the court recommends dismissal with prejudice.  Plaintiffs have failed to prosecute this case with due diligence by their failure to comply with the court orders instructing them to obtain counsel and their failure to respond to this court's Order to Show Cause.  For these reasons, dismissal with prejudice of this action is warranted.

Having considered the totality of relevant circumstances, this court concludes that the *Ehrenhaus* factors outweigh the usual predisposition to resolve cases on the merits and weigh heavily in favor of dismissal with prejudice.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that this case be dismissed in its entirety, with prejudice.  The court further

**RECOMMENDS** that all pending motions be denied as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. ' 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 26th day of February, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge